10416

THE STATE v. WATKINS.
(103 S. E. 479.)

CRIMINAL LAW—FAILURE OF WARRANT TO ALLEGE OWNERSHIP OF STOLEN
GOODS HELD NOT GROUND FOR DISMISSAL AFTER CLOSE OF TESTIMONY.—
In a prosecution for buying and receiving stolen goods, Court did
not err in refusing to grant a motion for a dismissal on the ground
that there was no allegation in the warrant of ownership of the prop-
erty, made after the close of the testimony for the State, which
proved the ownership of the property to be in the prosecutor.

Before TOWNSEND, J., Lee county, Spring term, 1919.
Affirmed.

The State against B. C. Watkins.   Indictment for buying
and receiving stolen goods.   Upon conviction, Watkins
appeals.

*Messrs. Tatum, Jennings & Dusenbury,* for appellant,
cite: *Motion to dismiss did not come too late in magistrate's
Court:* 81 S. C. 154.   *Offense should be described so that
defendant may know how to answer it, the Court know how
to pronounce judgment; and conviction or acquittal may be
pleaded in bar:* 20 S. C. 392.   *Warrant must state time,
place and describe goods by alleging ownership:* 14 Rich.
203.   *In warrant for breach of trust or embezzlement own-
ership must be alleged with particularity as in larceny:* 20
S. C. 392; 17 Enc. Pl. & Pr. 889; *and description given:* 4
Strob. 300; 2 Strob. 229; 2 Bishop Criminal Evid., pars.
982-983.   *Rule as to sufficiency of description same in
receiving stolen goods as in larceny:* 17 R. C. L. 89; 2 Strob.
220; 3 Hill 194, cited in 100 Ill. 382; 4 Strob. 300. *Acquittal
on insufficient indictment or warrant no bar to second prose-
cution on same offense:* 1 Rice 1; 20 S. C. 35; 33 S. C. 151.
*Proof of ownership where not alleged does not cure defect:*
2 Will 135; 22 Cyc. 296.

*Messrs. F. A. McLeod, Solicitor,* and *C. B. Ruffin,* for respondent, cite: *Under section 28, Criminal Code, offense should be set forth so that accused could understand the nature of it and prepare to meet it; and no more is required:* 29 S. C. 180; 7 S. E. 76; 81 S. C. 134; 61 S. E. 1106; 32 S. C. 555; 11 S. E. 383. *Prosecution under section 204, Crim. Code, and warrant sufficient:* 4 S. E. 792; 29 Fed. Rep. 268; 12 N. E. 610; 39 S. C. 343. *Sufficient although name of owner not alleged:* 162 Pac. 356 (Wash.). *The buying and receiving of goods known to be stolen completes the crime:* 83 S. C. 253; 65 S. E. 243; 39 S. C. 743; 17 S. E. 799; 1 Mill. 274; 73 S. C. 34; 64 S. E. 607; 80 S. C. 369; 61 S. C. 1073.

June 28, 1920.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The case shows:

"The defendant-appellant, B. C. Watkins, was arrested on the 27th day of June, 1918, under a warrant charging the buying and receiving stolen goods. At the trial of the said case, on the 14th day of February, 1919, before Magistrate J. D. Munn, the defendant pleaded not guilty and went to trial upon the merits, and after the State had rested, the defendant, through his attorneys, made a motion to dismiss said prosecution on the ground that the Court was without jurisdiction, because in the warrant there was no allegation of ownership of the property alleged to have been stolen. The evidence taken and introduced on the part of the State proved the ownership to be in B. R. McLeod, the prosecutor. The magistrate overruled the defendant's motion."

"The jury brought in a verdict of 'guilty,' and the defendant was duly sentenced by the Court. The defendant appealed to the Court of General Sessions from the ruling

of the magistrate on the said motion to dismiss said case. Said appeal was perfected and argued before his Honor, Judge Townsend, at the Spring term of the Court of General Sessions for Lee county, and his Honor, Judge W. H. Townsend, sustained the ruling of the Court of magistrate in refusing the said motion. In due time the defendant served notice of his intention to appeal to the Supreme Court."

The case of *State v. Teideman*, 4 Strob. 300, is authority to sustain the judgment appealed from. There is no way to identify two sacks of guano so as to shield the appellant from another indictment for the same offense, without resorting to other evidence than the warrant itself, and this right the appellant still has at his command.

The judgment is affirmed.